MEMORANDUM **
Naval Criminal Investigative Service Special Agent Gerald Martin appeals the partial denial of his motion to dismiss, on qualified immunity grounds, this constitutional tort suit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging retaliation in violation of the First Amendment. We have jurisdiction under 28 U.S.C. § 1291 pursuant to the collateral order doctrine, see Wilkie v. Robbins, 551 U.S. 537, 549 n. 4, 127 S.Ct. 2588, 168 L.Ed.2d 389 (2007); Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and we affirm.
1. The complaint adequately pleads a violation of the First Amendment. Taken as a whole, the allegations in the complaint establish that Special Agent Martin “took action that ‘would chill or silence a person of ordinary firmness from future First Amendment activities.’ ” Skoog v. Cnty. of Clackamas, 469 F.3d 1221, 1232 (9th Cir.2006) (quoting Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir.1999)). The alleged early-morning confrontation at Plaintiff Carolyn Martin’s home, which could not have served any valid law enforcement purpose, renders plausible the notion that “deterrence [of protected activity] was a substantial or motivating factor in” Special Agent Martin’s conduct. Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir.1994). The record reasonably supports the inference that Special Agent Martin was aware of Ms. Martin’s protected activity at the time this incident took place. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012) (“Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.”).
That, in combination with the complaint’s other allegations of a perpetual and pretextual investigation, is sufficient to allow the case to proceed until the record is sufficiently developed to reveal whether Special Agent Martin acted with an impermissible purpose. Cf. Dietrich v. John Ascuaga’s Nugget, 548 F.3d 892, 901 (9th *832 Cir.2008); see also Ford v. City of Yakima, 706 F.3d 1188, 1194 n. 2 (9th Cir.2013) (“[T]hat determination should be left to the trier of fact once a plaintiff has produced evidence that the officer’s conduct was motivated by retaliatory animus.”). At this procedural stage, taken as true, the complaint alleges facts sufficient to support the conclusion that Special Agent Martin, through his “own individual actions, has violated the Constitution.” Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
2. The law prohibiting Special Agent Martin’s alleged conduct is clearly established. “The question is not whether an earlier case mirrors the specific facts here. Rather, the relevant question is whether ‘the state of the law at the time gives officials fair warning that their conduct is unconstitutional.’ ” Ellins v. City of Sierra Madre, 710 F.3d 1049, 1064 (9th Cir.2013) (quoting Bull v. City & Cnty. of San Francisco, 595 F.3d 964, 1003 (9th Cir.2010) (en banc)). Our precedent has long provided notice to law enforcement officers “that it is unlawful to use their authority to retaliate against individuals for their protected speech,” Ford, 706 F.3d at 1195, “even if probable cause exists for” the challenged law enforcement conduct, Skoog, 469 F.3d at 1235. “[A]ny reasonable police officer would have understood that Skoog’s prohibition on retaliatory police action,” though elaborated in the context of a retaliatory seizure of property, “extended to [other] typical police actions.” Ford, 706 F.3d at 1196. These surely include detention, surveillance, and service of a bogus violation notice. Cf. Sloman, 21 F.3d at 1469 (recognizing a claim under the First Amendment where a police officer “used his official powers, specifically his power to warn, cite, and arrest, to retaliate against [the] exercise of ... free speech rights”).
3. There are no alternative avenues of relief available to Ms. Martin or other “special factors counselling hesitation” in recognizing a Bivens remedy in this case. See Wilkie, 551 U.S. at 550, 127 S.Ct. 2588 (quoting Bush v. Lucas, 462 U.S. 367, 378, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)). We have long recognized that such a remedy is available to redress allegations of retaliation against protected speech by federal law enforcement officers. See Gibson v. United States, 781 F.2d 1334, 1341 (9th Cir.1986). Although we more recently held that the Administrative Procedure Act generally “provide[s] the backup or default remedies for all interactions between individuals and all federal agencies,” W. Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d 1116, 1123 (9th Cir.2009), here no APA remedy is available because there is no “final agency action” for Ms. Martin to challenge, see 5 U.S.C. § 704. Rather, “[a]n investigation, even one conducted with an eye to enforcement, is quintessential^ non-final as a form of agency action.” Ass’n of Am. Med. Colleges v. United States, 217 F.3d 770, 781 (9th Cir.2000). The very gravamen of Ms. Martin’s complaint is that the alleged retaliatory “investigation” of her is pretextual and perpetually open, rendering the APA’s provision for judicial review of “final” agency actions particularly illusory.
Finally, that this appeal partially concerns events that occurred on a military base is not a “special factor” sufficient to distinguish this case from Gibson. United States v. Stanley, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987), and Chappell v. Wallace, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), are inapposite because Ms. Martin’s lawsuit involves neither claims brought by servicemen against their superior officers nor “injuries that ‘arise out of or are in the course of activity incident to service.’ ” Stanley, 483 U.S. at *833 684, 107 S.Ct. 3054 (quoting Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950)). The other authorities upon which Special Agent Martin relies are equally inapplicable because Ms. Martin does not allege that she has been barred from a military base, much less that such an exclusion is the source of her constitutional injury. Cf. United States v. Albertini, 472 U.S. 675, 686-87, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985); Greer v. Spock, 424 U.S. 828, 838, 96 S.Ct. 1211, 47 L.Ed.2d 505 (1976); Cafeteria & Rest. Workers v. McElroy, 367 U.S. 886, 892-93, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Rather, she claims that a federal law enforcement official harassed and intimidated her — including at her own home, far from any military installation-because the content of her constitutionally protected speech was unfavorable to him. Those allegations “do not implicate military discipline in any meaningful way,” Schoenfeld v. Quamme, 492 F.3d 1016, 1025 (9th Cir.2007), and describe precisely the type of injury for which Gibson already recognizes a Bivens remedy.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.